UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAD CHRISTOPHER STRADER,

  Plaintiff,

v.

SHELLY AVERILL,

  Defendant.

Case No. 15-cv-02458-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against a judge of the Sonoma County Superior Court.[1]  His application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed without leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 1 at 4.)

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendant Shelly Averill, a Judge of the Sonoma County Superior Court, denied his request for a return of his property at a hearing on February 26, 2014. He further alleges that Defendant told his attorney to file a motion for return of the property that would be heard at a future date, but after the hearing Judge Averill ordered the property "forfeited and destroyed" before he "had the chance" to file the motion. (Compl. at 3.) He seeks an order directing Defendant to return the property to him or to pay monetary damages for the cost to replace the property.

As a state judge, Defendant is absolutely immune from civil liability for damages for acts performed in her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Although the doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), § 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This bar is limited to injunctive relief for acts taken in a judicial capacity. *Wolfe v. Strankman*, 392

F.3d 358, 366-67 (9th Cir. 2004). Defendant's rulings in court are clearly actions taken in her judicial capacity. As a result, she is immune from liability under § 1983 for damages arising from those rulings, and § 1983 itself bars Plaintiff's request for injunctive relief. Accordingly, his claims must be dismissed. The appropriate place to challenge Defendant's rulings is in the state appellate courts, not in a civil rights action in federal court.

Leave to amend is not granted because the claims cannot be amended to avoid Defendant's judicial immunity from damages and the bar against federal injunctive relief against a state judge.

## CONCLUSION

The complaint is DISMISSED for failure to state a cognizable claim for relief. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 17, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3